## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICHOLAS MUELLER et al.,      )
                                   )
        Plaintiffs,         )
                                   )
vs.                          )    **Case No. 24-cv-2321-DWD**
                                 )
CITY OF EAST ST. LOUIS, IL et al.,  )
                                 )
        Defendants.       )

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Presently before the Court is the Plaintiffs' Motion to Compel the City of East St. Louis ("the City") to provide complete responses to their discovery requests. (Doc. 23). The City has responded. (Doc. 24). For the reasons that follow, the Court Grants in Part Plaintiffs Motion to Compel. Additionally, the Court takes under advisement Plaintiffs' request for sanctions.

## I.      BACKGROUND

Plaintiffs Nicholas Mueller ("Nicholas") and Shonte Mueller ("Shonte"), who are married, filed a complaint alleging that Defendants the City of East St. Louis Housing Authority ("Housing Authority"); the City of East St. Louis; the East St. Louis City Manager, Robert Betts ("Betts"); the Mayor of East St. Louis, Charles Powell III ("Powell"); an East St. Louis Councilman, Courtney Hoffman II ("Hoffman"); an East St. Louis City Councilman, LaVondo Pulley ("Pulley"); and an East St. Louis Housing Authority Agent, Michael Collins conspired to unlawfully terminate Plaintiffs. Specifically, Plaintiffs contend that when Shonte, who was a Commissioner on the Board

of the City of East St. Louis Housing Authority, reported that the Housing Authority was not complying with federal law, Defendants retaliated by terminating her employment with the Housing Authority. Plaintiffs also contend that Nicholas, who was the Assistant Chief of Police for East St. Louis City, was terminated from his position with the City of East St. Louis for the same reason.

On February 4, 2025, Nicholas and Shonte each served Requests for Production and Interrogatories on the City of East St. Louis. When the City failed to timely respond, Plaintiffs agreed to extend the deadline to March 21, 2025. The City, without seeking an extension or otherwise initiating contact with Plaintiffs' counsel, missed the extended deadline. Plaintiffs' counsel then contacted The City's counsel to discuss the overdue discovery, at which time Plaintiffs' counsel offered a second extension – until April 4, 2025. The City, once again, missed the deadline, and Plaintiffs' counsel was forced to expend time contacting the City's counsel regarding the third missed deadline. On April 7, 2025, the City finally responded to Plaintiffs' discovery requests.

Upon review of the City's discovery responses, and with permission from the Court after complying with the undersigned's case management procedures, Plaintiffs filed the instant Motion to Compel. Plaintiffs contend that the City's responses to Nicholas's interrogatory Nos. 2-5, 7, 9, and 12 and to his requests for production Nos. 1, and 3-11 are improper because the City failed to review or produce responsive internal correspondence, emails, or communications. Instead, the City merely produced

Nicholas's personnel file.[1] Plaintiffs further contend that the City made no attempt to completely respond to interrogatory Nos. 2, 3-7, and 9. Additionally, Plaintiffs argue that to the extent the City raised any objections, they are meritless, boilerplate objections that have been waived by the City's failure to timely respond.

As to Shonte's discovery requests, the City has taken the position that it has no obligation to respond to interrogatories or produce responsive documents because Shonte was employed by the Housing Authority, not the City. Plaintiffs contend that the City's position is nonsensical and lacks legal support.

The City responded to the Motion to Compel. (Doc. 24). The City contends the Motion to Compel should be denied because it does nothing more than express "dissatisfaction with the provided answers." (*Id*. pg. 1). The City reiterates that it has "no legal authority regarding the East St. Louis Housing Authority, and by law is a separate and distinct entity from the City of East St. Louis." (*Id*). According to the City, the fact that Shonte worked for a separate entity, is a sufficient basis for not responding to discovery requests pertaining to her, and if Plaintiffs believe its responses are misleading or false, they should propound requests to admit. (*Id*. at 2). The City does not address any other arguments raised in Plaintiffs' Motion to Compel, and does not even mention the discovery requests pertaining to Nicholas. Finally, the City claims it has "been making a diligent search" for responsive documents, but has found "very few" and requests an additional 14 days to ensure a thorough search. (*Id*. at pg. 2).

---

[1] In response to Nicholas's Requests for Production Nos. 1-3, 7-9, the City states, "Please see attached Dropbox file." It appears that the only document included in the Dropbox file was Nicholas's personnel file.

## II.    APPLICABLE LAW

Under Federal Rule of Civil Procedure 26(b)(1), discovery is permitted for any non-privileged matter relevant to a party's claims or defenses, provided it is proportional to the case's needs. The information need not be admissible to be discoverable if it is reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Federal Rules of Civil Procedure provide distinct discovery tools—interrogatories, requests for production, and requests to admit (among others) —each serving a unique purpose. Interrogatories elicit detailed, narrative responses identifying facts, witnesses, or evidence supporting a party's claims or defenses. FED. R. CIV. P. 33(b)(3); *Bouto v. Guevara*, No. 19-CV-2441, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020). They must be answered fully in writing under oath, creating potentially admissible binding responses. Requests for production require producing documents, electronically stored information, or tangible items within Rule 26(b)'s scope. FED. R. CIV. P. 34(a). They complement interrogatories by providing physical evidence to support or refute claims. Requests to admit narrow issues for trial by securing admissions of undisputed facts or document authenticity. *Loudermilk v. Best Pallet Co., LLC*, No. 08-C-6869, 2009 WL 3272429, at *1 (N.D. Ill. Oct. 8, 2009); *Vincent v. House,* No. 07-CV-486, 2009 WL 2913912, at *3 (W.D. Wis. Sept. 8, 2009). These tools are not interchangeable; for example, requests to admit are not designed for broad fact-finding or to replace interrogatories. *Vincent v. House*, 2009 WL 2913912, at *3.

Parties may use discovery tools as they choose, individually or simultaneously, without interference from opposing counsel unless a valid legal basis exists. 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d. § 2047, at 317 (1970); *U.S., ex rel. Fry v. Health All. of Greater Cincinnati*, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[I]t is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules.") (citation and internal marks omitted); BB & T Corp. v. U.S., 233 F.R.D. 447, 448 (M.D.N.C. 2006) ("The Federal Rules of Civil Procedure favor unhampered discovery and, normally, the choice of discovery methods should be left to the parties."); *United Techs. Motor Sys., Inc. v. Borg-Warner Auto., Inc.*, No. CIV.A. 97-71706, 1998 WL 1796257 (E.D. Mich. Sept. 4, 1998) (rejecting argument that the information sought by defendant would be better obtained through interrogatories because "there is nothing which necessarily prohibits the pursuit of information by more than one discovery vehicle"); *Smith v. State Farm Lloyds, Inc.*, No. 4:21-CV-837, 2023 WL 123502, at *5 (E.D. Tex. Jan. 6, 2023) ("[D]iscovery tools are available to supplement a party's case, and if a party chooses to use its discovery tools to get a party's basis for its claims clearly in writing, then it may do so. It is not the job of [opposing counsel] to decide what is appropriate for an interrogatory unless [there is] an adequate legal basis.").

Federal Rules of Civil Procedure 33 and 34 govern interrogatories and requests for production, respectively, allowing parties to inquire into any matter within Rule 26(b)'s scope. FED. R. CIV. P. 33(a); FED. R. CIV. P. 34(a). Interrogatories must be answered separately and fully in writing under oath. FED. R. CIV. P. 33(b)(3). Objections to interrogatories or requests for production must be specific, or they are waived absent

good cause. FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 34(b)(2)(B). Rule 33 expressly provides that any objection not timely raised is waived unless the court excuses the failure for good cause. FED. R. CIV. P. 33(b)(4).

If a party fails to respond to discovery or provides evasive or incomplete answers, Federal Rule of Civil Procedure 37 permits the requesting party to seek a court order compelling a response. FED. R. CIV. P. 37(a). Evasive or incomplete responses are treated as nonresponsive. FED. R. CIV. P. 37(a)(4). Responses that impede rather than facilitate discovery may result in sanctions. *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 154-55 (7th Cir. 1976).

With these principles in mind, the Court addresses the disputed discovery requests below.

### III.    ANALYSIS

**A. *Shonte Mueller – Interrogatories***

1.    State the full name, title, and job responsibilities of each individual involved in the decision to remove or otherwise terminate Plaintiff as a Commissioner for the East St. Louis Housing Authority.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 1 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City of East St. Louis is ordered to appropriately respond to Interrogatory 1 within 14 days.

2.    Describe in detail the reasons for Plaintiff's removal or termination from the East St. Louis Housing Authority on October 27, 2023, and identify any documents, communications, or reports relied upon to make this decision or that otherwise refer or relate to this decision, removal, or termination.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 2 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 2 within 14 days.

3.    Identify and describe all communications, including emails, letters, or verbal conversations directly referencing Plaintiff or directly relating to Plaintiff employment with the East St. Louis Housing Authority between May 2023 and the present.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 3 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 3 within 14 days.

4.    List all actions taken by the City of East St. Louis or its agents or representatives that were based upon or in response to any of Plaintiff's reports of potential violations of HUD regulations or misconduct at the East St. Louis Housing Authority.

> **ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 4 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 4 within 14 days.

5.    Identify all individuals to whom Plaintiff made reports regarding potential violations of HUD regulations and/or misconduct at the East St. Louis Housing Authority and identify all communications – written or verbal – relating to the same.

> **ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 5 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 5 within 14 days.

6.    Identify any documents, records, or communications that refer to Plaintiff's whistleblowing activities, reports or concerns of misconduct, or reports she made regarding potential violations of HUD regulations.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 6 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 6 within 14 days.

7.    Identify all individuals who had the authority to make decisions regarding Plaintiff's removal or termination and describe the role each individual played in the decision-making process and identify the specific entity or entities for whom each individual was making a decision on behalf.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 7 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 7 within 14 days.

8.    Describe any and all deficiencies Defendant believed existed in Plaintiff's employment during the last 365 days of her employment and identify all documents and communications related thereto.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 8 is without basis and is evasive, incomplete and non-responsive. Accordingly the City, is ordered to appropriately respond to Interrogatory 8 within 14 days.

9.    Identify the person(s) answering each interrogatory (other than legal counsel) on behalf of Defendant, provide a general description of that person's occupation, duties, and involvement.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 9 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 9 within 14 days.

10.    State whether Defendant ever counseled, warned, or disciplined Plaintiff for unsatisfactory work performance or work-related problems. If so, for each such occasion, state the date on which the counseling, warning, or discipline occurred; describe the conduct for which Plaintiff was counseled, warned, or disciplined; state the nature of the action taken against Plaintiff; identify each and every person who participated in the decision to counsel, warn, or discipline Plaintiff; identify each and every person who witnessed or has knowledge of the conduct for which Plaintiff was counseled, warned, or disciplined; and identify each and every document relating to the counseling, warning, or discipline.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 10 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 10 within 14 days.

11. State the name, last known address, telephone number and job title of each person that Defendant believes has knowledge of or information about the claims or defenses in this lawsuit, and for each such person, describe the subject matter Defendant believes is known to that person.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 11 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 11 within 14 days.

12. State whether or not written or recorded statements have been obtained from any persons by Defendant with regard to the facts or circumstances surrounding the occurrence mentioned in this lawsuit or these pleadings. If so, state the name, address, employer, and job title of the person presently having control or custody of such statements.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 12 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 12 within 14 days.

13.    Identify each person, other than your attorney, with whom any employee or agent of Defendant has communicated regarding the claims set forth in the operative Complaint, including, but not limited to local, state or federal government agencies or officials.  With respect to each such person, describe in detail: the time and date on which the communication occurred; all parties to the communication; the subject matter of the communication; the circumstances surrounding the communication; the nature of the communication (i.e. letter, in-person, telephone call, etc.); witnesses to the communication; and all documents relating to the communication.

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to Interrogatory 13 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 13 within 14 days.

**B.** *Nicholas Mueller – Interrogatory Nos. 2-7, 9*

2.    Describe in detail the reasons for Plaintiff's removal, forced resignation, or termination from Defendant and identify any documents, communications, or reports relied upon to make this decision or that otherwise refer or relate to this decision, removal, or termination.

**ANSWER:**

Violation of East Saint Louis Police Department Procedures

The Court finds that the answer to Interrogatory 2 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 2 within 14 days.

3.    Identify and describe all communications, including emails, letters, or verbal conversations directly referencing Shonte Mueller or Shonte Mueller's complaints, concerns, or opinions pertaining to Defendant and HUD between May 2023 and the present.

**ANSWER:**

Objection. The question is vague and unintelligible.

The Court finds that the objection to Interrogatory 3 is without basis and is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 3 within 14 days.

4.    Describe the nature of any discussions or actions taken – and identify all communications relating thereto – by the City of East St. Louis regarding Plaintiff's attendance at the October 24, 2023, Housing Authority Board meeting.

**ANSWER:**

Objection. The question is vague and overly broad. Subject to said objection: Plaintiff was terminated from employment for violating police procedure.

The Court finds that the objection to Interrogatory 4 is without basis and his answer is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 4 within 14 days.

5.      Describe in detail – and identify and documents or communications relating thereto – any discussions, reprimands, conversations, or other form of notice that was given to Plaintiff, pertaining directly to his wife, his wife's actions or behavior, or Plaintiff's aiding, assisting, or otherwise supporting his wife's actions or behavior.

**ANSWER:**

Objection. The question is vague and overly broad. Subject to said objection: City Manager Robert Betts orally notified Plaintiff that due to his procedural violation, he would be terminated.

The Court finds that the objection to Interrogatory 5 is without basis and his answer is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 5 within 14 days.

6.      Identify all individuals who had the authority to make decisions regarding Plaintiff's removal or termination and describe the role each individual played in the decision-making process and identify the specific entity or entities for whom each individual was making a decision on behalf.

**ANSWER:**

Robert Betts- City Manager

The Court finds that the answer to Interrogatory 6 is evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to the Interrogatory 6 within 14 days.

7.    Describe any and all deficiencies Defendant believed existed in Plaintiff's employment during the last 365 days of his employment and identify all documents and communications related thereto.

**ANSWER:**

Plaintiff Nicholas Mueller failed to follow police procedures.

The Court finds that the answer to Interrogatory 7 to be evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 7 within 14 days.

9.    State whether Defendant ever counseled, warned, or disciplined Plaintiff for unsatisfactory work performance or work-related problems. If so, for each such occasion, state the date on which the counseling, warning, or discipline occurred; describe the conduct for which Plaintiff was counseled, warned, or disciplined; state the nature of the action taken against Plaintiff; identify each and every person who participated in the decision to counsel, warn, or discipline Plaintiff; identify each and every person who witnessed or has knowledge of the conduct for which Plaintiff was counseled, warned, or disciplined; and identify each and every document relating to the counseling, warning, or discipline.

**ANSWER:**

See attached personnel file.

Pursuant to Federal Rule of Civil Procedure 33(b)(3), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. A clear answer, in writing, is necessary because the "responding party is bound by its answer and the answers can be introduced into evidence." *Stiward v. United States*, No. CIV.A. 05-1926, 2007 WL 2417382 (E.D. La. Aug. 24, 2007). Providing Plaintiff's personnel

file in lieu of providing the required written answer under oath is insufficient. *See Smith v. State Farm Lloyds, Inc.*, No. 4:21-CV-837, 2023 WL 123502, at *5 (E.D. Tex. Jan. 6, 2023) (rejecting argument that defendant insurer did not need to answer an interrogatory because it already produced the plaintiff's insurance file). The Court finds that the answer to Interrogatory 9 is incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to Interrogatory 9 within 14 days.

### C. *Shonte Mueller – First Request for Production of Documents*

Plaintiff submitted 21 separate Request for Production. In response to all 21 of Shonte's Requests for Production, the City responded as follows:

**ANSWER:** Objection. Plaintiff was not an employee of the City of East St. Louis and Defendant has no legal authority regarding her employment with the East St. Louis Housing Authority.

The Court finds that the objection to each of the 21 Requests for Production to be without basis and each corresponding answer evasive, incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to the each of the 21 Requests for Production within 14 days.

**D.** **_Nicholas Mueller – First Request for Production of Documents_**

**<u>Requests</u>**

1.  All documents Defendant anticipates using at trial.

    Please see attached Dropbox file.

2.  Plaintiff's personnel and disciplinary file.

    Please see attached Dropbox file.

3.  All documents, including internal communications, regarding Plaintiff's cessation of employment.

    Please see attached Dropbox file.

The Court finds that the responses to these Requests for Production to be incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to the Plaintiff's Request for Production within 14 days.

4.  All documents, including internal communications, regarding or referencing both Plaintiff and his wife, Shonte Mueller.

    Objection. The above question is overly broad and vague.

The Court finds that the objection to Request for Production 4 is without basis and is evasive and non-responsive. Accordingly, the City is ordered to appropriately respond to the Request for Production 4 within 14 days.

5.    All documents, including internal communications, directly referencing or relating to Plaintiff and in any way relating to Plaintiff's wife, Shonte Mueller – whether she is specifically referenced or not.

Objection. The above question is overly broad and vague.

The Court finds that the objection to Request for Production 5 is without basis and is evasive and non-responsive. Accordingly, the City is ordered to appropriately respond to Request for Production 5 within 14 days.

6.    All documents, including internal communications, regarding the discharge or discipline of any individual who, from 2015 to the present, was employed by Defendant and and was terminated or disciplined for similar conduct to Plaintiff's.

Objection. The above question is overly broad and vague.

The Court sustains the City's  objection to Request for Production 6.

7.    All documents relied upon or reviewed in responding to Plaintiff's First Interrogatories.

Please see attached Dropbox.

The Court finds that the response to Request for Production 7 to be incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to the Plaintiff's Request for Production 7 within 14 days.

8.    All documents responsive to or related to Plaintiff's First Interrogatories.

Please see attached Dropbox.

The Court finds that the City's response to Request for Production 8 to be incomplete and non-responsive. Accordingly the City is ordered to appropriately respond to the Plaintiff's Request for Production 8 within 14 days

9.    All documents reflecting wage, benefits, pension, retirement benefits and calculation, or other compensation paid to Plaintiff, including, but not limited to, pay stubs, spreadsheets, and payroll records.

Please see attached Dropbox.

The Court finds that the response to Request for Production 9 to be incomplete and non-responsive. Accordingly, the City is ordered to appropriately respond to the Plaintiff's Request for Production 9 within 14 days.

10.    Any non-privileged tape recordings, transcripts or notes of conversations which pertain to this action.

None exist or are known to Defendant at this time. Defendant reserves the right to supplement.

The Court finds that the response to Request for Production 10 is adequate. Accordingly, to the extent that the Plaintiff's Motion to Compel addresses Request for Production 10, it is **DENIED**.

11.    Any video surveillance of Plaintiff on October 24, 2023.

None exist or are known to Defendant at this time. Defendant reserves the right to supplement.

The Court finds that the response to Request for Production 11 is adequate. Accordingly, to the extent that the Plaintiff's Motion to Compel addresses Request for Production 11, it will be **DENIED**.

## IV.    SANCTIONS

Plaintiffs seek an award of attorney fees incurred in litigating this discovery dispute. Considering the nature of the objections and the responses provided by Defendants, sanctions may be warranted. Accordingly, within 21 days of entry of this Order, Plaintiffs shall file a petition which documents the reasonable attorney fees and expenses they incurred in filing the instant Motion to Compel. The City shall file a response 21 days thereafter. The Court will reserve ruling on sanctions pending consideration of these filings.

## V.    CONCLUSION

In accordance with the foregoing, Plaintiffs' Motion to Compel is **GRANTED in part and DENIED in part**. The Court further **ORDERS** as follows:

1. Within 14 days of entry of this Order, the City shall supplement its responses to Shonte Mueller's Interrogatories as set forth herein.

2. Within 14 days of entry of this Order, the City shall supplement its responses to Nicholas Mueller's Interrogatory Nos. 2-7 and 9 as set forth herein.

3. Within 14 days of entry of this Order, the City shall review, collect, and produce documents and correspondence responsive to Shonte Mueller and Nicholas Mueller's First Request for Production of Documents as set forth herein.

4. Within 14 days of such production, the City shall articulate to Plaintiffs the steps and actions taken to review and collect documents and correspondence that was produced.

5. Within 21 days of entry of this Order, Plaintiffs shall file a petition which documents the reasonable attorney fees and expenses they incurred in filing the instant Motion to Compel. The City shall file a response 21 days thereafter.

**IT IS SO ORDERED.**

Dated: May 12, 2025

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge