IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NICHOLAS MUELLER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-2321-DWD |
| | ) | |
| CITY OF EAST ST. LOUIS, IL et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Plaintiffs' Motion for Sanctions against Defendants Robert Betts and the City of East St. Louis (Doc. 92), and Plaintiffs' Motion to Strike the Answer to Plaintiffs' Second Amended Complaint filed by Defendants Betts, the City of East St. Louis, Courtney Hoffman, II, Charles Powell, II, and LaVondo Pulley (Doc. 96). Defendants have filed responses to both motions. (Docs. 94 and 97).

## I.    BACKGROUND AND PROCEDURAL HISTORY

On April 6, 2026, the Court entered default judgment against Defendants Betts and the City of East St. Louis on all claims as a sanction for their repeated, willful, and contumacious noncompliance with the Court's discovery orders. (Doc. 84). The Court further ordered Defendants to retain a neutral forensic vendor, complete forensic imaging, produce all responsive materials, and pay monetary sanctions and attorneys' fees, while imposing a continuing coercive sanction of $100 per business day until full compliance was achieved.

On April 24, 2026, the Court granted Defendants Betts and the City of East St. Louis extensions to pay all outstanding fines by May 4, 2026, and to complete forensic imaging by May 6, 2026. (Doc. 91). On May 1, 2026, Defendants initiated settlement discussions. (Doc. 92). Plaintiffs agreed to hold all deadlines in abeyance during negotiations. (*Id.*). Those negotiations failed on May 11, 2026. On May 20, 2026, Plaintiffs demanded compliance. (*Id.*).[1]

On May 26, 2026, Plaintiffs filed the instant Motion for Sanctions, seeking immediate payment of all outstanding amounts, an adverse inference at the forthcoming damages hearing against Betts and the City of East St. Louis, and other relief. (Doc. 92). Only after the Motion was filed did Betts and the City of East St. Louis pay the amounts then due (through May 29th) and represent that they had retained a forensic examiner. (Doc. 96).

Defaulted Defendants Betts and the City of East St. Louis, together with Defendants Hoffman, Powell, and Pulley, also filed an Answer to the Second Amended Complaint approximately three months late, without leave of Court and without any contemporaneous explanation for the delay. On June 9, 2026, Plaintiffs moved to strike the untimely Answer. Defendants filed their response on June 18, 2026. (Doc. 97). In that response, Defendants contend that the untimeliness should be excused because, since the entry of sanctions, the City of East St. Louis has been "aggressively trying to resolve the dispute." (Doc. 97). Defendants further assert that the City has encountered logistical and

---

[1] Defendants have not disputed these facts as alleged in Plaintiffs' Motion for Sanctions.

bureaucratic obstacles to obtaining necessary internal approvals; that it faces a budget deficit, underfunded police and fire pension obligations, and ongoing Clean Water Act litigation; that revenue from the Casino Queen has declined by 50 percent; and that, as a financially distressed municipality with limited tax revenue, it has operated under significant resource constraints. Defendants also note their settlement efforts, including a recent offer to which Plaintiffs have not yet responded, and maintain that they have acted in good faith without any intent to defeat, interfere with, or ignore the Court's orders.

## II.   Legal Standard

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose "just orders," including adverse inferences, striking pleadings, and other sanctions, when a party fails to obey a discovery order. The Court also possesses inherent authority to sanction litigation misconduct. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016). Additionally, a court may impose sanctions under its inherent authority when "premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776. Sanctions based on Rule 37 or the Court's inherent authority require the Court to make such a finding by a preponderance of the evidence. *Id.* at 778. Sanctions under Rule 37 do not require a showing of intent but do require "a degree of culpability that exceeds simple inadvertence or mistake." *Ramirez*, 845 F.3d at 776.

A party seeking to file a pleading out of time must show excusable neglect under Rule 6(b).

3

### III.   Discussion

#### A.  Untimely Answer

Defendants filed an Answer to the Second Amended Complaint on or about May 29, 2026, approximately three months late, without leave of Court and without any contemporaneous explanation or showing of excusable neglect.

As to defaulted Defendants Betts and the City: Default judgment on liability was entered on April 6, 2026. These defendants may not circumvent that judgment by filing an answer without first moving to vacate or set aside the default under FED. R. CIV. P. 55(c) or 60(b). The Answer is therefore **STRICKEN** as to them.

As to Defendants Hoffman, Powell, and Pulley: The Answer is also untimely. In their response to the motion to strike, these defendants argue that untimeliness should be excused because the City has been "aggressively trying to resolve the dispute," has faced logistical and bureaucratic obstacles (including municipal red tape), is a financially distressed municipality with a budget deficit, underfunded pensions, ongoing Clean Water Act litigation, reduced revenue from the Casino Queen, and limited tax revenue, has attempted settlement (including a recent offer), and has acted in good faith without intent to defy court orders.

These arguments do not establish excusable neglect or good cause under FED. R. CIV. P. 6(b). Settlement discussions are not good cause for failing to file a timely pleading. *Medline Indus., Inc. v. Medline Rx Fin.*, LLC, 218 F.R.D. 170, 172 (N.D. Ill. 2003); *Chase Int'l, Inc. v. Link and Pan of Tex., Inc.*, No. 94 C 6533, 1995 WL 506056, at *3 (N.D. Ill. Aug. 17, 1995). Likewise, financial hardship, bureaucratic difficulties, resource constraints, and

claims of good faith do not constitute excusable neglect. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883–84 (7th Cir. 2012) (busy schedule and other obligations not excusable neglect); *DR Distributors, LLC v. 21st Century Smoking, Inc.*, No. 12 CV 50324, 2015 WL 13908684, at *4 (N.D. Ill. Oct. 30, 2015) (three-month delay significant even under Rule 6(b); vacations and workload not excusable neglect). *See also Middleton v. N. Shore Movers, Inc.*, No. 03 C 4246, 2004 WL 783157, at *3 (N.D. Ill. Jan. 13, 2004) (belatedly cited personal circumstances, including health or family issues, not good cause for vacating default); *Medline Indus.*, 218 F.R.D. at 173 (litigant facing difficulties must inform court or opposing counsel before deadline or as soon as practicable).

Defendants never sought an extension or raised these issues contemporaneously. Their post-hoc excuses, raised only in response to a motion to strike, are insufficient. The Answer is therefore **STRICKEN** in its entirety as to all **Defendants**.

## B. Adverse Inference at the Damages Hearing[2]

Plaintiffs are entitled to an adverse inference at the forthcoming damages hearing against Defendants Robert Betts and the City of East St. Louis. These defaulted defendants have engaged in a prolonged and willful failure to search for, preserve, and produce responsive electronically stored information despite multiple court orders requiring forensic imaging and production. Defendant Betts has admitted that he never

---

[2] While a default judgment conclusively establishes liability, the victor must still prove up damages. *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). Absent specific statutory provisions not relevant here, there is no absolute right to a jury trial on damages in cases where a default has been entered. *See Sells v. Berry*, 24 F. App'x 568, 571–72 (7th Cir. 2001); *Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 (1st Cir. 1999); *Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (4th ed. 2019).

searched his own devices for responsive information. This pattern of noncompliance has prejudiced Plaintiffs' ability to prove damages and has continued even after entry of default judgment. Accordingly, the outstanding discovery materials will be presumed unfavorable to these Defendants on damages issues.

This sanction is warranted primarily under Federal Rule of Civil Procedure 37(b)(2)(A)(i), which authorizes the Court to direct that designated facts be taken as established for purposes of the action when a party fails to obey a discovery order. It is also supported, as to any lost electronically stored information, by Rule 37(e)(2) and the Court's inherent authority to address bad-faith litigation conduct. An adverse inference for spoliation of ESI under Rule 37(e)(2) (or under common law spoliation principles) requires a finding that the party acted with the intent to deprive another party of the information's use in the litigation. *See Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998); *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008); *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010). Bad faith or intent to deprive is a question of fact that may be inferred from the circumstances, including the timing of any loss relative to the party's knowledge of relevance and the party's overall course of conduct. *See Sokn v. Fieldcrest Cmty. Unit Sch. Dist. No. 8*, No. 10-CV-1122, 2014 WL 201534, at *7 (C.D. Ill. Jan. 17, 2014). More broadly, Rule 37(b)(2)(A) authorizes a range of sanctions for failure to obey a discovery order, including establishing designated facts against the disobedient party. Rule 37 sanctions are appropriate where a party displays willfulness, bad faith, or fault in violating its discovery obligations. *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (citing *Nat'l Hockey League v. Metropolitan*

6

*Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)). Willfulness or bad faith may be inferred through a party's "pattern of contumacious conduct or dilatory tactics," and that conduct can lead to the harshest of sanctions. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993).

In the instant case, the record establishes precisely such a pattern. Defendants Betts and the City of East St. Louis have ignored multiple orders to locate, forensically image, and produce responsive materials. A forensic examiner was retained only after Plaintiffs filed yet another sanctions motion. In March 2026, before entry of default judgment, the City disclosed that payroll records prior to 2023 had been purged by its third-party administrator and that pension records were held by a different entity. Timely forensic imaging and genuine searches (which Betts concedes never occurred) could have prevented or mitigated the loss of the payroll records or enabled earlier identification of the pension records. The fact that Defendants have only now retained a forensic examiner is too little, too late. It does not cure the prior willful disregard of court orders, does not restore the purged or long-unproduced evidence, and does not eliminate the prejudice to Plaintiffs from the extended delay.

This history of delay, post-hoc excuses, admitted failure to search, and continued disregard for a court order following the entry of default judgment support a finding of willfulness, fault, or intent to deprive sufficient to warrant the adverse inference as a just sanction under Rule 37(b)(2)(A)(i), Rule 37(e)(2) (as to lost ESI), and the Court's inherent authority. The inference will apply to all responsive emails, text messages, other electronic communications, payroll records, pension records, and related materials that

7

have not been produced to date. This sanction applies to Defendants Betts and the City; it does not bind or adversely affect any non-defaulting defendants or Plaintiffs' claims against them. Any production after the date of this Order may be considered by the Court in light of the full history of noncompliance when determining the appropriate weight or use of such materials (if any) at the hearing, but it does not retroactively cure the prior violations or the prejudice already suffered.

### C. Coercive Sanctions and Civil Contempt Warning

Although Defendants paid amounts due through May 29, 2026, and have retained a forensic examiner, production of responsive materials has not occurred. Given the history of noncompliance, prior monetary sanctions and the $100-per-business-day coercive sanction have proven insufficient to secure full compliance. A new or continuing coercive sanction, as set forth below, is necessary and appropriate to coerce compliance with all outstanding discovery obligations, including production of all responsive materials and completion of forensic imaging as previously ordered.

Additionally, Defendants Robert Betts is **WARNED** that continued and intentional refusal to obey the orders of this Court, including timely compliance with the instant order, may result in the initiation of civil contempt proceedings wherein he may be subjected to additional coercive sanctions, including incarceration until the contempt is purged. *See Penfield Co. v. SEC*, 330 U.S. 585, 590 (1947) (incarceration and fines may be used to coerce enforcement of a civil contempt sanction, as the contemnor "has it in his power to avoid any penalty. And those who are imprisoned until they obey the order, carry the keys of their prison in their own pockets.") (internal quotation omitted).

### IV.    Conclusion

Plaintiffs' Motion for Sanctions (Doc. 92) and Motion to Strike Answer (Doc. 96) are **GRANTED** as follows:

1. The Answer to the Amended Complaint filed on May 29, 2026, is **STRICKEN IN ITS ENTIRETY** as to all defendants.

2. At the forthcoming damages hearing involving Defendants City of East St. Louis and Robert Betts, the Court will enter an adverse inference instruction.

3. Within seven (7) days of entry of this Order, Defendants City of East St. Louis and Robert Betts shall complete forensic imaging of all relevant devices, email accounts, and electronic data sources used by Defendant Betts and all City employees named in this lawsuit during the relevant time periods.  Within seven (7) days after the completion of imaging, the vendor shall produce all responsive, non-privileged materials to Plaintiffs' counsel, together with a privilege log for any withheld items.

4. Plaintiffs are granted reasonable attorneys' fees incurred in preparing the most recent motion for sanctions, two hours of time equaling $1,570.00, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). That amount shall be paid within seven (7) days of entry of this order.

5. The previously imposed coercive sanction is deemed **TERMINATED** as of May 29, 2026. A new coercive sanction of $200.00 per day shall accrue from the date of this Order until Defendants Betts and the City of St. Louis have complied with every obligation in paragraphs 3 and 4 above.

6. The June 22, 2026 dispositive motion deadline for Defendants Courtney Hoffman, II, Charless Powell, III, and LaVondo Pulley is **VACATED** and will be re-set.

7. The ZOOM status conference set for June 30, 2026 **is RE-SET to July 1, 2026 at 1:00 pm**. At that conference, the court will address:

   a. Status of the forensic production and payment of attorney fees as set forth in paragraphs 3 and 4.

   b. Re-setting of deadlines for Defendants Courtney Hoffman, II, Charless Powell, III, and LaVondo Pulley.

   c. Whether the November 2, 2026 trial date for Defendants Courtney Hoffman, II, Charless Powell, III, and LaVondo Pulley remains feasible.

   d. The timing of the damages hearing for Defendants City of East St. Louis and Robert Betts.

**SO ORDERED.**

Dated: June 24, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.06.24 06:24:21 -05'00'

_____
DAVID W. DUGAN
United States District Judge

10