**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **NICHOLAS MUELLER et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-2321-DWD** |
| | ) | |
| **CITY OF EAST ST. LOUIS, IL et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court for case management. As stated on the record at the evidentiary hearing held on July 29, 2026, Plaintiffs' Motion for Attorney's Fees (Doc. 104) is **GRANTED**. Defendants shall pay Plaintiffs $2,276.50 in attorney's fees no later than August 12, 2026.

The coercive sanction of $200.00 per day imposed on June 24, 2026 (Doc. 98) is **TERMINATED**. Defendants shall pay Plaintiffs the accrued daily penalty under the Court's June 24, 2026 Order (Doc. 98), which, as of the date of this Order, totals $7,200.00.

It is **FURTHER ORDERED** that:

1. By July 29, 2026, Defendants shall produce to Plaintiffs all discovery materials retrieved to date by Transperfect Legal, subject to a protective order governing privileged materials;

2. The parties shall submit a proposed protective order to the Court by August 5, 2026;

3. On or before August 5, 2026, Defendants shall prepare and provide Plaintiffs with an affidavit setting forth the estimated cost for Transperfect Legal to complete a

full analysis of the devices discussed at the hearing, as well as the cost of producing the retrieved materials in a searchable database such as Relativity; and

4. Each party may file a brief, not to exceed five pages, addressing the resolution of damages as to the defaulted defendants. The briefs shall state whether a jury trial on damages is requested, whether either party is entitled to a jury trial on the issue of damages only, and whether the current trial date of November 2, 2026, remains feasible. *See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 692 (1st Cir. 1993) ("Following the entry of default under Fed. R. Civ. P. 37(b)(2), a party does not have a right to a jury trial under either Fed. R. Civ. P. 55(b)(2) or the Seventh Amendment."); *Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992) ("[I]n a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages."); *see also Sells v. Berry*, 24 F. App'x 568, 571–72 (7th Cir. 2001) (holding that a non-appearing defaulted defendant was not entitled to a jury trial on damages or liability); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (4th ed. 2023) (collecting cases holding that, following default, "neither side has a right to a jury trial on damages").

**SO ORDERED.**

Dated: July 29, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.07.29 16:23:15 -05'00'

DAVID W. DUGAN
United States District Judge