UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NICHOLAS MUELLER and SHONTE MUELLER, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. **3:24-cv-02321**-DWD |
| vs. | ) ) | |
| CITY OF EAST ST. LOUIS and ROBERT BETTS, in his individual capacity, | ) ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

COME NOW the Defendants, by and through counsel, and move the Court to enter, the following Protective Order:

WHEREAS, Plaintiff Nicholas Mueller filed suit against Defendant City East St. Louis ("ESL"), amongst others, alleging violations of law;

WHEREAS, Plaintiff has propounded discovery on Defendants ESL and Robert Betts seeking, amongst other things, documents relating to Plaintiff Nicholas Mueller's employment as well as emails and text messages of City officials that relate to Plaintiffs and the claims in this lawsuit;

WHEREAS, Defendant has identified emails and text messages that are responsive to this Request;

WHEREAS, the Parties seek a Protective Order to facilitate the timeline production of these emails and text messages while maintaining Defendants' attorney-client privilege;

NOW & THEREFORE:

1. Defendants shall produce the responsive emails and text messages as soon as

1

practicable.

2.  If after the production of such responsive emails and text messages, either Defendant ESL or Betts become aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Defendant will promptly notify Plaintiffs in writing of the inadvertent production. If Plaintiffs receive notice of such inadvertent production, they shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent Plaintiffs from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. Defendants bear the burden of establishing the privileged nature of any inadvertently produced information or material. Plaintiffs shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, Plaintiffs may use the inadvertently produced information or materials to respond to a motion by the Defendants seeking return or destruction of such information or materials. If Plaintiffs become aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Plaintiffs' counsel shall immediately take steps to (i) stop reading such information or materials, (ii) notify Defendants' counsel of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Defendants, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

3.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential materials; or to object to the production of confidential materials; or to apply to the Court for an order compelling production; or for modification of this Order; or to seek any other relief from the Court.

4.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

BY: /S/ S. CODY REINBERG___
HKM Employment Attorneys, LLP
S. Cody Reinberg, 6315681
7382 Pershing Ave., 1 W
St. Louis, MO 63130
314-397-9557
creinberg@hkm.com
Attorney for Plaintiffs

 BY: /S/ ALVIN C. PAULSON_____
Chatham & Baricevic, LLC
Alvin C. Paulson #6193202
John Baricevic #3121537
107 West Main Street, Belleville, IL 62223
Phone: 618-233-2200
alvin@chathamlaw.org
john@chathamlaw.org
Attorneys for Defendant

**IT IS SO ORDERED**

DATED: August 6, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.08.06 07:26:18 -05'00'

_____
David W. Dugan,
U.S. District Judge